Thomas Z. Phinney
vs.
Boston, Worcester & New York Street Ry. Co.

No. 89435.

August 1, 1933.

CAPOTOSTO, J. The plaintiff sues for injuries claimed to have been sustained in a collision between an automobile, which he was driving, and a passenger bus of the defendant company. The accident happened about noon, February 10, 1932, on the Nooseneck Hill road near the village of Wyoming. The jury returned a verdict for the plaintiff in the sum of $1,250. The defendant moves for a new trial on both liability and damages.

The plaintiff, 72 years old, was driving alone in a sedan on his right or close to the middle of the road towards Providence. The bus, some 30 feet long, was outbound with eleven or twelve passengers. The road was icy, or at least slushy, from a wet snow. On account of weather conditions the bus was behind time. The road is a crowned two-lane highway. At the place of the accident there is a considerable grade. The plaintiff was proceeding up-grade at between 15 to 20 miles an hour; the defendant's bus was approaching the down-grade at between 20 to 22 miles an hour. The bus driver did not reduce his speed when he came to the grade. His testimony is that, as he came down the incline, his bus began to slide over

to the left; that he sounded his horn to warn the defendant, who apparently swung to his own left in order to avoid the bus; that he put on his foot brake in an attempt to bring the bus back to its right, but was unsuccessful in preventing it from striking a guard rail with the front and the plaintiff's car with its rear or side. The impact was slight and neither vehicle suffered any real damage.

The evidence shows that the bus driver failed to take into account the danger of an appreciable down-grade under the existing unfavorable conditions. He was driving, according to his testimony, at between 20 to 22 miles on the level road before he reached the grade, did nothing when he came to it, and only put on his brakes when the bus began to slide. In turning to his left, when he saw the bus coming over on to his side of the road, the plaintiff did what most drivers would do under the same circumstances. On the question of liability, the plaintiff is entitled to recover.

As to the damages, the Court is clearly of the opinion that the plaintiff over emphasized his claim. The plaintiff suffered no visible injury, nor is there any testimony that he struck his head against anything at the time of the collision. His son, who came for him some five or six hours after the accident, said that his condition was unusual on the way home, that he babbled all the way in. However, he was taken to no physician by the son, who saw him infrequently after that. Three days later a relative had him examined by a doctor.

The results attributed to the accident by the plaintiff cover a wide field including nervous shock, sight, hearing, and an embolism some nine months later. He also attempted to prove a loss of business, but this was ultimately stopped by the Court when the evidence entered the realm of imagination. The plaintiff was a manufacturer of "taffy" at shore resorts.

In winter he stayed in Florida, in summer he moved to Maine. After the accident he went about his business as he always did, but claimed that he had to give it up because he could not make the candy as "chewy" as before. He charged this inability to his impaired vision, which prevented him from reading a thermometer correctly. His hearing was affected before the accident, his eye sight was consistent with his age, and the embolism is attributable more reasonably to a condition of arteriosclerosis than to any accident. The plaintiff may have received somewhat of a shaking up, but not the injuries he tried to picture at the trial. However sympathetic one may be towards old age, it is not fair that all the ills which time brings home to us mortals should be capitalized at the expense of a defendant in a negligence case. After serious reflection, the Court feels that $750 will liberally compensate the plaintiff for any suffering which may have resulted from the accident.

If within five days the plaintiff remits all of the verdict in excess of said sum, a new trial is denied; otherwise, a new trial is granted both as to liability and damages.

For plaintiff: Harold Semple, Esq.

For defendant: Joseph E. Fitzpatrick, Newton.